## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOPSEPH BLACKBURN, | ) | |
| | ) | CIVIL ACTION NO.: _____ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UFP GORDON, LLC d/b/a | ) | **JURY TRIAL DEMANDED** |
| UNIVERSAL FOREST PRODUCTS, | ) | |
| | ) | *ELECTRONICALLY FILED* |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, JOPSEPH BLACKBURN, a resident of Dauphin County, Pennsylvania, by and through his attorneys, WEISBERG CUMMINGS, P.C., brings this civil action for damages against the above-named Defendant, UFP GORDON, LLC d/b/a UNIVERSAL FOREST PRODUCTS, LLC, demands a trial by jury, and complains and alleges as follows:

## JURISDICTION AND VENUE

1.      This Complaint alleges unlawful employment discrimination on the basis of Plaintiff's actual and/or perceived disabilities in violation of the laws and statutes of the United States of America, specifically, the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* (the "ADA" or "ADAAA"), as well as pendent state law claims prohibiting employment discrimination on the basis of actual and/or perceived disabilities arising under the

1

provisions of the laws of this Commonwealth, to wit, the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq*. (the "PHRA").

2.      The jurisdiction of this Court over this Complaint is based upon federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, in that this district court has original jurisdiction of all civil actions arising under the laws of the United States.

3.      This Court has, and should exercise, jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this Judicial District, and because the unlawful discrimination practices that are the subject of this action were committed in this Judicial District.

5.      Declaratory relief is sought pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

6.      Plaintiff, Joseph Blackburn (hereinafter "Mr. Blackburn"), is an adult individual residing in 1630 Walnut Street, Ashland, Schuylkill County, Pennsylvania 17921.

7.      Defendant, UFP Gordon, LLC d/b/a Universal Forest Products (hereinafter "UFP"), is a Michigan business corporation operating within the wood

manufacturing industry, with a registered office, headquarters and production facility located at 1 Royer Street, Gordon, Schuylkill County, Pennsylvania 17936.

8.     At all times relevant to this Complaint, UFP employed in excess of fifteen (15) employees, including Mr. Blackburn, making UFP an "employer" as defined under Title ADA and the PHRA.

## ADMINISTRATIVE PROCEEDINGS

9.     On or about July 30, 2020, Mr. Blackburn filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was docketed as Charge No. 530-2020-05137, alleging Defendant discriminated against him on the basis of his disabilities, including wrongful termination, along with instructions for the EEOC to dual file his discrimination claims with the Pennsylvania Human Relations Commissions (the "PHRC").

10.     Mr. Blackburn has been advised of his individual right to bring a civil action by receiving a Notice of Right to Sue from the EEOC, dated May 12, 2021.

11.     Mr. Blackburn has exhausted all administrative remedies available to him, and all necessary and appropriate EEOC and PHRC administrative prerequisites to the filing of this Complaint have occurred and been satisfied.

## STATEMENT OF FACTS

12.     Mr. Blackburn was hired by UFP in or about January 2017 and at all times relevant herein, was employed full time as a Machine Operator.

3

13.     On or about December 15, 2017, Mr. Blackburn sustained injuries to his back and hip while working in an effort to stop a 4,000-pound runaway cart let go by a coworker.

14.     Mr. Blackburn's back and hip injuries included a herniated disk, multiple slipped joints, and the need for a future hip replacement.

15.     Mr. Blackburn's medical conditions related to his back and hip (herniated discs and slipped joints) constitute disabilities under the ADA and PHRA because they substantially limit and impair his mobility, including but not limited to his abilities to walk, bend, sit, and stand, all of which constitute major bodily functions and/or life activities.

16.     As a result and after reporting the incident and his injuries to UFP, Mr. Blackburn was immediately placed on strict working restrictions for approximately two (2) months, from late December 2017 through February 2018.

17.     During this time, Mr. Blackburn maintained his full-time employment in compliance with these restrictions while receiving ongoing medical treatment for his work-related injuries.

18.     Even with these restrictions, Mr. Blackburn was able to perform the essential functions of his job and continued to excel as a Machine Operator.

19.     Specifically, Mr. Blackburn received positive performance reviews throughout his employment with UFP and was informed by UFP's Plant Manager,

Luke Hoke, and UFP's Plaint Inspection Supervisor, Jim Rusk, that he [Mr. Blackburn] was a hard worker and excelled as a Machine Operator for UFP.

20.    Despite Mr. Blackburn's continued employment and success as a Machine Operator, he was denied commensurate raises that were given to his similarly-situated coworkers.

21.    Mr. Blackburn was the only similarly-situated Machine Operator to be denied commensurate raises, despite having an excellent history of job performance and reviews.

22.    The only difference between Mr. Blackburn and these similarly-situated coworkers was his history of being disabled.

23.    As such, Mr. Blackburn alleges and avers that he was denied commensurate raises because of his history of being disabled and UFP's uninformed perception that his work performance and abilities would eventually decline at some point in the future due to his back and/or hip.

24.    As a result of this incident of discrimination arising from his history of now being disabled and UFP's uninformed perception that Mr. Blackburn's work performance and abilities would eventually decline, Mr. Blackburn became concerned that he was being targeted by UFP for termination.

5

25.     Despite these concerns, when the COVID-19 pandemic hit in or about March 2020, UFP advised Mr. Blackburn that his employment was secure despite necessary layoffs of some of his co-workers.

26.     However, regardless of this reassurance, Mr. Blackburn was informed, on or about April 30, 2020, that he was being terminated due to COVID-19.

27.     Mr. Blackburn's termination occurred approximately one month after UFP assured him that his job was not in jeopardy.

28.     Mr. Rusk explained his termination came from "up above" at UFP and was due to COVID-19, even though Mr. Blackburn was the only person being terminated at that time.

29.     Mr. Blackburn's similarly situated, non-disabled coworkers were not terminated at this time.

30.     When Mr. Blackburn asked why he was being terminated now, after reassurances at the end of March 2020 that he would not be laid off due to COVID-19, UFP provided him no answer.

31.     Instead, he was informed by Mr. Rusk that he could reapply for his position in May 2020 and that Mr. Rusk was certain UFP would reemploy him at that time. Mr. Blackburn's Department Supervisor, Dan Merena, echoed Mr. Rusk's assurance.

32.   In or about the end of May 2020, Mr. Blackburn reapplied for his position with UFP under the category of a "General Laborer."

33.   On or about June 8, 2020, Mr. Blackburn received a response from UFP's Human Resources, indicating that he was being denied the position because UFP had decided to go with a candidate that was a better match.

34.   Surprised by this response, Mr. Blackburn reached out to Mr. Merena for a further explanation as to why he was being denied reemployment.

35.   Mr. Merena replied that he did not understand why UFP decided to go in another direction and that Mr. Blackburn was as experienced a worker as UFP could hire.

36.   As such, Mr. Blackburn believes he was denied commensurate raises, terminated, and denied reemployment as a result of disability discrimination arising from his history of being disabled and UFP's uninformed perception that his work performance and abilities would eventually decline at some point in the future due to his injuries hip and back disabilities in violation of the ADA and the PHRA.

## COUNT I

### ADA VIOLATIONS
*Disability Discrimination – Denied Commensurate Raises*

37.   All prior paragraphs are incorporated herein as if set forth fully below.

35.   Plaintiff was subjected to discrimination on the basis of his disabilities in violation of the ADA, as described above.

36.     Plaintiff is within the protective class of individuals as designated by the ADA.

37.     Plaintiff is a qualified individual with a disability.

38.     Plaintiff's medical conditions related to his back and hip (herniated discs and slipped joints) constitute disabilities under the ADA because they are physical impairments that substantially limit the performance of major life activities, as referenced above.

39.     Plaintiff was qualified for and able to perform the essential functions of his job at all times relevant herein.

40.     After notifying defendant of his disabilities, Plaintiff was subjected to disparate treatment related to his disabilities, as referenced above.

41.     Specifically, Plaintiff was denied commensurate raises from UFP after Defendant learned of his disabilities.

42.     Defendant's actions of denying Plaintiff commensurate raises for these reasons constitute violations of the ADA.

43.     As a direct and proximate result of the conduct of Defendant in violating the ADA by discriminating against Plaintiff on the basis of his disability, Plaintiff has been permanently and irreparably harmed and damaged and has and will continue to lose benefits of employment such as lost earnings, lost employment

benefits, and non-economic damages in the form of embarrassment, humiliation, and anxiety.

WHEREFORE, Plaintiff, Joseph Blackburn, seeks the damages against Defendant, UFP Gordon, LLC d/b/a Universal Forest Products, as set forth in the *Ad Damnum* clause of the instant Complaint, infra, which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## COUNT II

### ADA VIOLATIONS
### *Disability Discrimination – Termination*

44.     All prior paragraphs are incorporated herein as if set forth fully below.

45.     Plaintiff was subjected to discrimination on the basis of his disabilities in violation of the ADA, as described above.

46.     Plaintiff is within the protective class of individuals as designated by the ADA.

47.     Plaintiff is a qualified individual with a disability.

48.     Plaintiff's medical conditions related to his back and hip (herniated discs and slipped joints) constitute disabilities under the ADA because they are physical impairments that substantially limit the performance of major life activities, as referenced above.

49.     Plaintiff was qualified for and able to perform the essential functions of his job at all times relevant herein.

9

50.     After notifying defendant of his disabilities, Plaintiff was subjected to disparate treatment related to his disabilities, as referenced above.

51.     Specifically, Plaintiff was terminated from UFP after Defendant learned of his disabilities.

52.     As a result, Plaintiff avers that he was terminated due to his (1) history of disabilities and (2) actual and/or perceived disabilities.

53.     Defendant's actions of terminating Plaintiff for these reasons constitute violations of the ADA.

54.     As a direct and proximate result of the conduct of Defendant in violating the ADA by discriminating against Plaintiff on the basis of his disability, Plaintiff has been permanently and irreparably harmed and damaged and has and will continue to lose benefits of employment such as lost earnings, lost employment benefits, and non-economic damages in the form of embarrassment, humiliation, and anxiety.

WHEREFORE, Plaintiff, Joseph Blackburn, seeks the damages against Defendant, UFP Gordon, LLC d/b/a Universal Forest Products, as set forth in the *Ad Damnum* clause of the instant Complaint, infra, which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## COUNT III

### ADA VIOLATIONS
### *Disability Discrimination – Failure to Rehire*

55.     All prior paragraphs are incorporated herein as if set forth fully below.

56.     Plaintiff was subjected to discrimination on the basis of his disabilities in violation of the ADA, as described above.

57.     Plaintiff is within the protective class of individuals as designated by the ADA.

58.     Plaintiff is a qualified individual with a disability.

59.     Plaintiff's medical conditions related to his back and hip (herniated discs and slipped joints) constitute disabilities under the ADA because they are physical impairments that substantially limit the performance of major life activities, as referenced above.

60.     Plaintiff was qualified for and able to perform the essential functions of his job at all times relevant herein.

61.     After notifying defendant of his disabilities, Plaintiff was subjected to disparate treatment related to his disabilities, as referenced above.

62.     Specifically, Plaintiff was denied reemployment with UFP after Defendant learned of his disabilities.

63.     As a result, Plaintiff avers that he was denied reemployment due to his (1) history of disabilities and (2) actual and/or perceived disabilities.

64.    Defendant's actions of failing to rehire Plaintiff for these reasons constitute violations of the ADA.

65.    As a direct and proximate result of the conduct of Defendant in violating the ADA by discriminating against Plaintiff on the basis of his disability, Plaintiff has been permanently and irreparably harmed and damaged and has and will continue to lose benefits of employment such as lost earnings, lost employment benefits, and non-economic damages in the form of embarrassment, humiliation, and anxiety.

WHEREFORE, Plaintiff, Joseph Blackburn, seeks the damages against Defendant, UFP Gordon, LLC d/b/a Universal Forest Products, as set forth in the *Ad Damnum* clause of the instant Complaint, infra, which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## COUNT IV

### PHRA VIOLATIONS
*Disability Discrimination – Termination, Denial of Commensurate Raises, Failure to Rehire*

66.    All prior paragraphs are incorporated herein as if set forth full below.

67.    This is an action arising under the provisions of the PHRA and this Court has, and should exercise, pendant jurisdiction over the same because the causes of action complained of in this Count IV arise out of the same facts, events,

and circumstances as Counts I through III and, therefore, judicial economy and fairness to the parties dictate that this Count IV be brought in this same Complaint.

68.    Plaintiff's medical conditions related to his back and hip (herniated discs and slipped joints) constitute disabilities under the ADA because they are physical impairments that substantially limit the performance of major life activities, as referenced above.

69.    By discriminating against Plaintiff because of his disability, UFP violated the provisions of Title 43 P.S. § 955 which prohibits an employer from discrimination against an employee on the basis of a disability.

WHEREFORE, Plaintiff, Joseph Blackburn, seeks the damages against Defendant, UFP Gordon, LLC d/b/a Universal Forest Products, as set forth in the *Ad Damnum* clause of the instant Complaint, infra, which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## *AD DAMNUM* CLAUSE/PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Joseph Blackburn, prays that this Honorable Court enters judgment in his favor and against Defendant, UFP Gordon, LLC d/b/a Universal Forest Products, and that it enters an Order as follows:

a.   Defendant is to be permanently enjoined from discriminating against Mr. Blackburn on the basis of his disability and/or any basis prohibited under applicable federal and state law;

b.   Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating against employees based on their disability, and are to be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

c.   Defendant is to compensate, reimburse, and make Mr. Blackburn whole for any and all pay and benefits he would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension and seniority.   Mr. Blackburn should be accorded those benefits illegally withheld from the date he first suffered discrimination at the hands of Defendant until the date of verdict;

d.   Mr. Blackburn is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused to him by Defendant's actions;

14

e.   Mr. Blackburn is to be awarded punitive damages as provided for under ADA;

f.   Mr. Blackburn is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

g.   Mr. Blackburn is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law;

h.   Any verdict in favor of Mr. Blackburn is to be molded by the Court to maximize the financial recovery available to Mr. Blackburn in light of the caps on certain damages set forth in applicable law;

i.   Mr. Blackburn is to be granted such additional injunctive or other relief as she may request during the pendency of this action in an effort to ensure Defendant does not engage - or ceases engaging - in illegal retaliation against Mr. Blackburn or other witnesses to this action; and

j.   The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

## DEMAND FOR JURY

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Mr. Blackburn respectfully demands a trial by jury.

August 6, 2021
Date

Respectfully submitted,

**WEISBERG CUMMINGS, P.C.**

*/s/ Derrek W. Cummings*
Derrek W. Cummings, Esquire
PA Bar I.D. #: 83286
dcummings@weisbergcummings.com

*/s/ Larry A. Weisberg*
Larry A. Weisberg, Esquire
PA I.D. #: 83410
lweisberg@weisbergcummings.com

*/s/ Steve T. Mahan*
Steve T. Mahan, Esquire
PA I.D. #: 313550
smahan@weisbergcummings.com

*/s/ Michael J. Bradley*
Michael J. Bradley, Esquire
PA I.D. #: 329880
mbradley@weisbergcummings.com

2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380
(717) 238-5707
(717) 233-8133 (Fax)

*Counsel for Plaintiff*

16